# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.   1:19-cv-00230

JENNIFER POWELL,

    Plaintiff,

v.

CREDIT SERVICE COMPANY, INC.,

    Defendant.

## COMPLAINT

NOW comes JENNIFER POWELL ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CREDIT SERVICE COMPANY, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Colorado and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age residing in Peyton, Colorado, which is within the District of Colorado.

5. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39).

6. Defendant is a debt collector that provides "Full-Service Collection Recovery" services, and which identifies itself as "A Progressive and Highly Effective Collection Agency" that is the "Largest Agency in Colorado Springs."[1] Defendant is a corporation organized under the laws of the state of Colorado with its principal place of business located at 2150 Lelaray Street, Colorado Springs, Colorado.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action arises out of Defendant's attempts to collect upon an outstanding medical debt ("subject debt") Plaintiff purportedly owes to UC Health.

10. Around late 2018, Plaintiff was served with paperwork for a lawsuit ("the summons") Defendant filed against Plaintiff to collect upon the subject debt.

11. Plaintiff was unaware that Defendant was attempting to collect upon the subject debt before receiving the summons.

12. Concerned over the lawsuit, Plaintiff immediately contacted Defendant to inquire about the subject debt and about available options to avoid litigation.

---

[1] http://www.creditservicecompany.com/home.html

13. Upon speaking with Defendant, Plaintiff learned that Defendant is a debt collector attempting to collect upon the subject debt.

14. During their conversation, Defendant attempted to collect almost twice the amount listed in Defendant's lawsuit against Plaintiff.

15. Defendant explained that it was attempting to collect upon the subject debt and an additional debt for which it had not initiated legal proceedings against Plaintiff.

16. Deceptively, Defendant refused to provide Plaintiff with any details about the purported second debt.

17. Anxious and worried over the possibility that Plaintiff would have to face multiple lawsuits against Defendant, Plaintiff pleaded that Defendant enter into a payment plan with her.

18. After discussing the terms of a payment plan, Plaintiff and Defendant agreed that Plaintiff would make three monthly payments of $368.45, and Defendant agreed that Plaintiff would not be required to appear in court.

19. Shortly thereafter, Plaintiff made the first payment under the payment plan.

20. To Plaintiff's great frustration, Plaintiff continued to receive notifications from the court system demanding her appearance at subsequent hearings.

21. Accordingly, Plaintiff contacted Defendant to inquire if her appearance was necessary in court.

22. To Plaintiff's exasperation, Defendant refused to answer Plaintiff's inquiries, which frustrated Plaintiff's purpose for entering into a payment plan with Defendant.

23. Irritated with Defendant's behavior, Plaintiff demanded to be given a copy of the payment plan between them.

24. Dishonestly, Defendant told Plaintiff that the parties had not entered into a payment plan, even though Defendant expressly agreed to the terms referenced in paragraph 18, which is evidenced by Plaintiff's first payment.

25. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights.

26. Plaintiff has incurred costs and expenses consulting with and retaining his attorneys as a result of Defendant's conduct.

27. Plaintiff has suffered concrete harm due to Defendants conduct, including but not limited to, aggravation, invasion of privacy, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

30. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

31. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit Collection Professionals, an association of debt collectors, since 1947.[2]

32. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA § 1692e**

---

[2] https://www.acainternational.org/search#memberdirectory

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

35. Defendant violated §1692e, e(2) and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant began its debt collection campaign by filing a collection lawsuit against Plaintiff. Upon receiving the summons, Plaintiff immediately contacted Defendant to attempt to reach a resolution that would not involve costly and burdensome litigation. During their conversation, Plaintiff was informed of a purported second debt not included in Defendant's lawsuit. However, Defendant failed to provide Plaintiff with any details regarding the purported second debt, despite Plaintiff's inquiries. Through Defendant's withholding of pertinent information, Plaintiff became confused and worried as to the character and amount of her obligations to Defendant. After negotiating the terms of an acceptable agreement, Plaintiff agreed to make three monthly payments of $368.45 in exchange for Defendant's promise that Plaintiff's appearance in court would not be required. After making the first payment, Plaintiff continued to receive notifications stating that her appearance in court was required. Defendant deceptively refused to provide Plaintiff with any assurances that her appearance in court would not be required. Consequently, Plaintiff was falsely led to believe that her agreement with Plaintiff had no legal effect.

36. Moreover, Plaintiff then asked for a copy of the payment plan, to which Defendant responded by denying the existence of a payment plan, even though the parties had explicitly agreed to the payment plan referenced in paragraph 18, as shown by Plaintiff's compliance in making her first payment. Defendant's methods only served to worry and confuse Plaintiff. Any reasonable fact finder will conclude that Defendant acted deceptively and used false pretenses to induce Plaintiff into addressing the subject debt.

    **b. Violations of FDCPA § 1692f**

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f by employing unfair means to collect the subject debt from Plaintiff. Specifically, it was unfair for Defendant to prompt Plaintiff into addressing the subject debt by failing to provide Plaintiff with all of the pertinent information she requested regarding the debts.

39. Moreover, Defendant further violated §1692f by reneging on its agreed-upon terms with Plaintiff. Plaintiff and Defendant entered into an explicit agreement, and while Plaintiff held her end of the agreement by remitting payment to Defendant, Defendant falsely denied ever entering into an agreement with Plaintiff in the first place.

WHEREFORE, Plaintiff, JENNIFER POWELL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 28, 2019                                  Respectfully submitted,

s/ Nathan C. Volheim                                     s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                         Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                  *Counsel for Plaintiff*
Admitted in the District of Colorado                     Admitted in the District of Colorado
Sulaiman Law Group, Ltd.                                 Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                      2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                  Lombard, Illinois 60148
(630) 568-3056 (phone)                                   (630) 581-5858 (phone)
(630) 575-8188 (fax)                                     (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                 thatz@sulaimanlaw.com